NIGRO, Justice, concurring.

I concur in the result reached by the majority. I write separately because the trial court's verdict of guilt in this case is clearly contrary to the evidence, or more specifically, the lack thereof. I fail to see how the trial court could find Appellant guilty of simple assault when the alleged victim, who was on parole for aggravated assault, inexplicably did not appear for trial. Additionally, the police officer's observations at the scene did not establish exactly what transpired between Appellant and the alleged victim, and the parties stipulated that Appellant had a reputation in the community for peacefulness and honesty. This conviction shocks my sense of justice.

**ORDER**

PER CURIAM:

AND NOW, this 21st day of February, 2001, the Petition for Allowance of Appeal is hereby GRANTED, the decision of the Commonwealth Court is VACATED, and the case is REMANDED to the Commonwealth Court for consideration in light of *Lincoln Phila. Realty Associates I v. Board of Revision of Taxes of Phila.*, 563 Pa. 189, 758 A.2d 1178 (2000).

**EXTENDED CARE CENTERS, INC.,**
d/b/a Lake Erie Institute of Rehabilitation, a Pennsylvania Corporation

v.

**COUNTY OF ERIE, City of Erie, School District of the City of Erie, Board of Assessment Appeals of the County of Erie, Lakeside Health Corporation, d/b/a Great Lakes Rehabilitation Hospital, a Pennsylvania Corporation**

v.

County of Erie, City of Erie, School District of the City of Erie, Board of Assessment Appeals of the County of Erie

Petition of School District of the City of Erie.

Supreme Court of Pennsylvania.

Feb. 21, 2001.

**David and Kristi GERROW,**
h/w, Respondents

v.

**JOHN ROYLE & SONS and Shincor Silicones, Inc.**

Petition of Shincor Silicones, Inc.

Supreme Court of Pennsylvania.

Feb. 23, 2001.

**ORDER**

PER CURIAM:

**AND NOW,** this 23nd day of February, 2001, the court grants the above-captioned